UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DARREN DEON JOHNSON,

        Plaintiff,                Case No. 1:23-cv-569

v.                                    Hon. Hala Y. Jarbou

UNKNOWN SCHAD, et al.,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has requested leave to proceed *in forma* pauperis. (ECF No. 2.) Upon review, the Court has determined that Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Because Plaintiff is not permitted to proceed *in forma pauperis* in this matter, the Court will order him to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process,

and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); *Johnson v. Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012). Plaintiff also has, on multiple occasions, been denied leave to proceed *in forma pauperis* by this Court, the United States District Court for the Eastern District of Michigan, and the Sixth Circuit Court of Appeals.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger *at the time he filed his complaint*, but the prisoner need not affirmatively prove those allegations. *Id.*

In his complaint, Plaintiff sues the following Richard A. Handlon Correctional Facility personnel: Nurses Unknown Schad and Heidi Smith, and Grievance Coordinator Unknown Wellman. (ECF No. 1, PageID.2.) Plaintiff alleges that he has been diagnosed with an unspecified "chronic back condition." (*Id.*, PageID.3.) He also alleges that Defendant Schad previously failed to treat Plaintiff's chronic back condition. (*Id.*) Plaintiff claims that, on one occasion, his back gave out, and he fell from the top bunk. (*Id.*) Plaintiff's condition worsened. (*Id.*, PageID.4.) He was issued a "temporary bottom bunk detail." (*Id.*, PageID.3.)

On March 5, 2023, Plaintiff submitted a medical kite seeking to renew his "temporary bottom bunk detail;" however, Defendant Nurse Unknown Schad denied Plaintiff's request. (*Id.*) Plaintiff went on to file a grievance, which was denied by Defendant Grievance Coordinator Unknown Wellman. (*Id.*) Plaintiff further claims that Defendant Nurse Heidi Smith denied Plaintiff medical care for his chronic back condition on March 26, 2022. (*Id.*)

Plaintiff contends that he is in imminent danger of serious physical injury because he still has not received medical care and treatment for his unspecified back condition. (*Id.*, PageID.3–4.) Plaintiff states that he is experiencing severe pain "every now and then" when Plaintiff sits and stands. (*Id.*, PageID.4.) When he stands up, "Plaintiff['s] back is trying to go out." (*Id.*) Plaintiff claims that, if he is not given a bottom bunk detail accommodation, he will continue to fall, leaving

4

Plaintiff "permanently disabled," with "excruciating pain, and also death from the seizure which tongue can roll back of Plaintiff['s] throat blocking airwave [sic] causing death." (*Id.*)

As a preliminary matter, Plaintiff's allegations that Defendant Schad previously failed to treat Plaintiff's back condition do not suggest that Defendant Schad was deliberately indifferent to any serious medical condition at the time that Plaintiff filed his complaint, so as to pose existing imminent danger. *See Vandiver*, 727 F.3d at 585. Likewise, as to Plaintiff's claim against Defendant Wellman, it is well-settled that § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The denial of a grievance alone does not cause any violation of Plaintiff's constitutional rights or place Plaintiff in imminent danger of serious harm.

Plaintiff also claims that Defendant Schad denied Plaintiff's request for a bottom bunk detail on or around March 5, 2023, and that Defendant Smith denied Plaintiff medical care on March 26, 2023. However, "[a]llegations of past dangers are insufficient to invoke the exception." *See Taylor*, 508 F. App'x at 492. Although Plaintiff alleges in a conclusory manner that he still has not received medical care and treatment for his unspecified back condition, Plaintiff fails to allege sufficient facts to show that the named Defendants were involved in this alleged continuing lack of medical care. *Cf. Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citations omitted) ("Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for [the alleged constitutional violation]."). Further, Plaintiff's vague assertion of withheld treatment for an unspecified back condition is insufficient to show imminent

danger. *See, e.g.*, *White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir.1998) (finding that vague and conclusory assertions regarding withheld medical treatment were insufficient to satisfy the imminent danger standard).

The Court notes that the Sixth Circuit has held that "a plaintiff who alleges a danger of serious harm due to a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g), as incremental harm that culminates in a serious physical injury may present a danger equal to harm that results from an injury that occurs all at once." *Vandiver*, 727 F.3d at 587. In 2019, the Sixth Circuit provided the following definition of a physical injury: "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or serious bodily harm. Minor harms or fleeting discomfort don't count." *Gresham v. Meden*, 938 F.3d 847, 850 (6th Cir. 2019).

As explained below, Plaintiff fails to provide the Court with sufficient facts to plausibly suggest a serious physical injury. He ambiguously states that he suffers from an unspecified "chronic back condition," but he does not include *facts* from which this Court could infer that his condition may lead to death or serious bodily harm.

While Plaintiff alleges that his back condition "w[or]sen[ed]" after a previous fall, Plaintiff acknowledges that he received medical attention, including a temporary bottom bunk detail, to address Plaintiff's worsened condition. However, in assessing whether Plaintiff faces an imminent danger of serious harm, the relevant inquiry concerns the circumstances at the time that Plaintiff's complaint was filed, not in the past. Plaintiff's complaint fails to sufficiently describe Plaintiff's current condition in a way that would plausibly suggest that the consequences that Plaintiff describes may even potentially come to fruition. Plaintiff claims that he was denied a bottom bunk detail on or around March 5, 2023, and medical treatment on a single occasion on March 26, 2023,

but notably absent from Plaintiff's complaint are any allegations that these actions have resulted in harm in the two months between these events and the filing of Plaintiff's complaint.

Similarly, Plaintiff's allegations that he is at risk of suffering further falls, permanent disability, or death because of the actions of Defendants are conclusory and speculative, and are not supported by sufficient facts in the complaint. There are no facts that would plausibly suggest that the failure to treat back pain would lead to death or disfigurement, or that the refusal to extend Plaintiff's temporary bottom bunk detail would lead to subsequent falls, seizures, and asphyxia. Plaintiff alleges that his back "is trying to go out" when Plaintiff stands, and he believes that a lack of "medical care treatment[ and] special accommodation will result in continuous falling and collapsing" as Plaintiff gets out of bed; but, besides Plaintiff's speculative belief, he alleges no facts to support his belief. (ECF No. 1, PageID.4.) In short, Plaintiff appears to ask the Court to infer plausibility in his claims from mere ambiguity; however, ambiguity does not support a claim under even the notice pleading standard.

In reaching this conclusion, the Court does not discount the discomfort and pain that Plaintiff alleges he experiences "every now and then." Plaintiff's conditions, however, are "described with insufficient facts and detail to establish that he is in danger of imminent physical injury." *Rittner*, 290 F. App'x at 798 (footnote omitted). Plaintiff's speculation that he faces paralysis and death is not sufficiently "real and proximate." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 797). That is not to say that Plaintiff's allegations are "ridiculous . . . baseless . . . fantastic –or delusional . . . irrational or wholly incredible." *Id.* They are simply insufficient.

Absent a proper allegation of imminent danger of serious physical injury, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28)

days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated: June 28, 2023 /s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**